# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CELIA MARÍA LEONHARDT,**

**Plaintiff,**

**v.**  CIVIL NO. 17-1387 (GAG)

**AEROSTAR AIRPORT HOLDINGS LLC, et al.,**

**Defendants.**

## OPINION AND ORDER

Celia María Leonhardt ("Plaintiff") sued Aerostar Airport Holdings LLC ("Aerostar") and an unnamed insurance company. (Docket No. 1). For the following reasons, the Court **DISMISSES** this case with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6).

**I. Relevant Factual and Procedural Background**

On January 15, 2017, Plaintiff arrived at the Luis Muñoz Marin International Airport, to pick up a friend. (Docket No. 14 ¶ 2). Upon her friend's arrival, Plaintiff exited the building, carrying her friend's luggage. Id. Plaintiff then proceeded through an area outside the building that was not lit adequately. Id. Due to the insufficient lighting and Plaintiff's inability to see, the wheels of the luggage became stuck, causing Plaintiff to fall. Id. In pain, Plaintiff was transported by ambulance to Carolina's Medical Hospital where she was diagnosed with a fracture to the femur and underwent an emergency surgery. Id. ¶¶ 3-4.

Aided by a wheelchair, Plaintiff eventually traveled back to her home in Sacramento, California. Id. ¶ 5. Plaintiff's orthopedic doctor, Dr. Fernando Torres Zayas, believed Plaintiff had a 60% chance of not being able to walk again. Id. In April 2017, Plaintiff underwent a second

**Civil No. 17-1387 (GAG)**

operation to ease her pain and enable her to make a full recovery. Id. ¶ 6. As of June 26, 2017, Plaintiff could stand, but was still unable to walk. Id. A full recovery is expected. Id. Plaintiff seeks $20,000 reimbursement for her medical expenses, as well as $300,000 in compensation for emotional damages. Id. ¶ 9.

Plaintiff filed her initial complaint on March 21, 2017 (Docket No. 1). Aerostar filed a motion to dismiss for failure to state a claim, and a motion for a more definite statement. (Docket No. 11). Before the Court ruled on Aerostar's motion, Plaintiff inexplicably responded with a motion for reconsideration of dismissal. (Docket No. 12). The Court denied both motions while noting that the "complaint is not properly presented and fatally deficient under Federal Rule of Civil Procedure 8(a)." (Docket No. 13). The Court instructed Plaintiff to file an amended complaint and on June 27, 2017, Plaintiff did so. (Docket Nos. 13; 14). Aerostar thereafter filed a motion to dismiss for failure to state a claim. (Docket No. 16). Plaintiff did not respond, and Aerostar moved to deem its motion unopposed. (Docket No. 17). The Court denied Aerostar's motion without prejudice and ordered Plaintiff to file a response by August 10, 2017. (Docket No. 18).

Plaintiff again failed to respond and on August 16, 2017, Aerostar filed a second motion to deem its motion to dismiss unopposed. (Docket No. 20). The Court denied Aerostar's motion without prejudice, and ordered Plaintiff to respond by August 22, 2017, noting that Plaintiff's failure to do so would result in the case being submitted. (Docket No. 21). Plaintiff again failed to respond, and on August 22, 2017, Aerostar filed a third motion to deem its motion to dismiss unopposed. (Docket No. 22). Plaintiff did not respond. On January 9, 2018, Aerostar moved to dismiss for lack of prosecution pursuant to Federal Rule of Procedure 41(b). (Docket No. 23). The Court ordered Plaintiff to respond to the pending motions on or before the final deadline of January 16, 2018. (Docket No. 24). Yet again, Plaintiff ignored the Court's order. On January 19, 2018, Aerostar filed

2

**Civil No. 17-1387 (GAG)**

a motion renewing its motion to dismiss for lack of prosecution. (Docket No. 25). The Court denied Aerostar's motion to dismiss for failure to state a claim on January 25, 2018, noting that Plaintiff's complaint was still fatally deficient and ordering her to file an amended complaint by February 5, 2018. (Docket No. 26). In the Court's order, Plaintiff was explicitly warned that failure to comply would result in sanctions, including dismissal for failure to prosecute under Rule 41(b). Id. Plaintiff did not respond.

**II. Federal Rule of Civil Procedure 41(b)[1]**

"If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). District court judges inherently hold the authority to regulate their dockets and First Circuit precedent permits district court judges to rely upon Rule 41(b) when considering whether to involuntarily dismiss a case. See Garcia–Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); Link v. Wabash R.R. Co., 370 U.S. 626, 629–33 (1962). A district court must balance its "venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits." Malot v. Dorado Beach Cottages, 478 F.3d 40, 43 (1st Cir. 2007). Dismissal with prejudice is the most severe penalty. See Benitez–Garcia v. Gonzalez–Vega, 468 F.3d 1, 4 (1st Cir. 2006). However, where the conduct is egregious, dismissal with prejudice may be warranted. Id. (dismissing a case with prejudice following repeated violation of court orders "is well within the arsenal of the trial judge").

Egregious conduct is measured by "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operation of the court, and the adequacy of lesser sanctions,"

---

[1] Rule 41(b) presumes dismissal on the merits unless a court states otherwise. The Court thus clarifies that this dismissal is not an adjudication on the merits. See FED. R. CIV. P. 41(b).

3

**Civil No. 17-1387 (GAG)**

as well as any other relevant factors. Robson v. Hallenbeck, 81 F.3d 1, 2–3 (1st Cir. 1996). When conducting its analysis, "it is proper [for the Court] in reviewing for 'extreme' misconduct to consider all of the aggravating circumstances together." Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988) (citation omitted).

### A. Severity of the Violation

Plaintiff's violations were severe. The last time she filed anything was June 27, 2017. (Docket No. 14). As of today, 225 days have passed without any action from Plaintiff. While this is not multiple years, it is not the only factor the Court considers. Plaintiff has also ignored four Court orders concerning her response to various motions that Aerostar filed, including a motion to dismiss for lack of prosecution. (Docket Nos. 18; 21; 24; 26). The Court finds this "extremely protracted inaction" violates Rule 41(b) and a district court's inherent power to regulate its docket. Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987). The Court warned Plaintiff on multiple occasions to respond to Defendant's motions and Plaintiff has not complied. Plaintiff's continuous disregard for this case and failure to comply with the Court's orders constitute severe indifference to the Court's authority. See Estate of Solis-Rivera v. United States, 993 F.2d 1, 3 (1st Cir. 1993) (finding egregious conduct after Plaintiff failed to respond just twice).

### B. Legitimacy of Excuses, Mitigation of Excuses, and Prejudice to the Other Side

There is no indication that Plaintiff did not receive the Court's orders, yet Plaintiff has offered no excuses for her utter inaction. While it is important that "the plaintiff is given an opportunity to explain [her noncompliance] or argue for a lesser penalty," Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 7 (1st Cir. 2006) (quoting Robson, 81 F.3d at 3), Plaintiff here was given *four* opportunities to explain. She has simply elected not to do so. The mere fact that Plaintiff has consistently ignored the Court's deadlines is sufficient to cause prejudice to the other side. See Robson, 81 F.3d at 4

4

Civil No. 17-1387 (GAG)

("Repeated disobedience of a scheduling order is inherently prejudicial, because disruption of the court's schedule and the preparation of other parties nearly always results.").

### C. Repetition of Violations and Deliberate Misconduct

The Court has, on four separate occasions, ordered Plaintiff to comply with deadlines; Plaintiff has, on four separate occasions, failed to heed the Court's orders. Without an explanation to the contrary, it is unclear whether Plaintiff's misconduct was deliberate or not.

### D. Adequacy of Lesser Sanctions

Lesser sanctions would not be adequate. While true that the Court could sanction counsel in several ways, including a warning, formal reprimand, a fine, imposition of costs or fees, temporary suspension, and dismissal, Plaintiff has already been warned multiple times. Following the second motion to deem Aerostar's motion to dismiss unopposed, Plaintiff was explicitly informed that failure to respond would result in the case being submitted. (Docket No. 21). In the Court's fourth order to respond, Plaintiff was explicitly warned that failure to respond would result sanctions, including dismissal for failure to prosecute. (Docket No. 26). These warnings did not elicit a response from Plaintiff. There is nothing to indicate that fining counsel or imposing costs and fees would prove a more effective catalyst.

**III. Rule 12(b)(6) Standard**

Rule 12(b)(6) provides that a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requires determining whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. The court accepts all well-pleaded facts and draws all reasonable inferences in plaintiff's favor.

5

**Civil No. 17-1387 (GAG)**

Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).[2]

With respect to claims based upon premises liability, the Puerto Rico Supreme Court has concluded that "the owner or operator of a commercial establishment has a duty to exercise reasonable care to maintain those areas that are accessible to the public, so as to avoid injury to its patrons." Cline v. Puerto Rico Ports Auth., 620 F. Supp. 2d 233, 237 (D.P.R. 2008). To prove that a business owner breached that duty, a plaintiff must show that the defendant had actual or constructive knowledge of a hazardous or dangerous condition on his premises that more likely than not caused the damages to the plaintiff. Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 50 (1st Cir. 2007); Cotto v. C.M. Ins. Co., 416 P.R. Offic. Trans. 786, 793-94, 116 D.P.R. 64 (1985). "[T]o establish constructive knowledge, a plaintiff must prove either the existence of the dangerous condition for an unreasonable or excessive length of time or, in the absence of evidence regarding time, the owner's insufficient prevention policy or failure to implement the policy." Carlo-Blanco v. Inmobiliaria Comercial, Inc., No. CIV. 12-1978 PAD, 2014 WL 4805101, at *3 (D.P.R. Sept. 26, 2014). Plaintiff here has failed entirely to allege facts that show "either the existence of the dangerous condition *for an unreasonable or excessive length of time*" or "the owner's insufficient prevention policy or failure to implement the policy." Id. (emphasis added).

---

[2] Both of Plaintiff's complaints inexplicably list the Federal Torts Claim Act ("FTCA") in the initial caption. (Docket Nos. 1; 14). The FTCA is only applicable where the defendant is the United States. Plaintiff has explicitly averred that Aerostar is a private entity. (Docket Nos. 1 ¶ 2; 14 ¶ 2). Because Plaintiff filed her complaint under diversity jurisdiction, the Court assumes, for the purposes of this discussion, that Plaintiff brings her tort claim under local law.

6

**Civil No. 17-1387 (GAG)**

Even taking all of Plaintiff's well-pleaded facts as true, her complaint is fatally deficient. She has not, even with multiple chances to amend her complaint, managed to allege facts sufficient to state a plausible claim for relief.

**IV. Conclusion**

The Rule 41(b) aggravating factors, considered together, militate heavily in favor of dismissal. Practice before a federal court is dynamic. Often times, cases are complex and move quickly. The District of Puerto Rico has one of the most congested criminal and civil dockets in the nation. The Court simply cannot sit back and wait for counsel to proceed at their convenience. Furthermore, Plaintiff has failed to state a claim under Rule 12(b)(6). For the aforementioned reasons, the Court **GRANTS** Defendant's motion at Docket No. 23 and **DISMISSES** this case with prejudice pursuant to Rules 12(b)(6) and 41(b).

**SO ORDERED.**

In San Juan, Puerto Rico, on this 7th day of February, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge